UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MAKEYSHA DION ISAAC § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 5:11-cv-2 |
| § | CRIMINAL ACTION NO. 5:08-cr-75 |
| § | |
| UNITED STATES OF AMERICA § | |

## OPINION AND ORDER DISMISSING PETITIONER'S 28 U.S.C. § 2255 MOTION FOR LACK OF JURISDICTION

Pending before the Court is Makeysha Dion Isaac's ("Isaac") self-styled 28 U.S.C. § 2255 motion.[1] Because the Court does not have jurisdiction to consider this motion, it is **DISMISSED.**

On April 1, 2008, a federal grand jury in Laredo, Texas, returned a three count second superseding indictment charging Isaac with transporting aliens and conspiring to transport an alien.[2] Isaac pleaded guilty to Count One on April 16, 2008.[3] The Court sentenced Isaac to 12 months and 1 day of imprisonment and three years of supervised release.[4] The Court entered judgment on August 19, 2008.[5] On February 19, 2009, the Court transferred jurisdiction over Isaac's supervised release to the Northern District of Texas.[6] The Northern District of Texas

---

[1] Dkt. No. 1. "Dkt. No." refers to an entry in the Court's electronic docketing system. The Court will refer to filings by docket number rather than by the title of each filing. Unless stated otherwise, "Dkt. No." refers to entries in Civil Case No. 5:11-cv-2 and "Cr. Dkt. No." refers to entries in Criminal Case No. 5:08-cr-75.
[2] Cr. Dkt. No. 65.
[3] Minute Entry April 16, 2008; Cr. Dkt. No. 119.
[4] Cr. Dkt. No. 119.
[5] *Id.*
[6] Cr. Dkt. No. 146.

accepted jurisdiction on March 4, 2009.[7] On September 2, 2009, Isaac's supervised release was revoked by the court in the Northern District of Texas.[8] Isaac's supervised release was revoked again by the court in the Northern District of Texas on November 5, 2010.[9] On January 7, 2011, Isaac filed this 28 U.S.C. § 2255 motion with this Court.[10] Isaac's rambling motion appears to challenge either the transfer itself or the revocation of her supervised release based on her claim that the Northern District of Texas does not properly have jurisdiction.[11]

Before this Court reaches the merits of Isaac's motion, it must first determine whether it has jurisdiction. Pursuant to 18 U.S.C. § 3605, this Court transferred jurisdiction over Isaac's supervised release to the Northern District of Texas.[12] Isaac appears to challenge the transfer itself. She indicates that she "refused to change from the [S]outhern District," but that "the Probation officers forged the documents and faulsly (sic) presented them to the court in [the] [S]outhern [D]istrict." Isaac appears to believe that her consent is required for a transfer. As such is not the case, this issue has no merit. The transfer having been agreed to by the respective courts, it was authorized pursuant to 18 U.S.C. § 3605. Accordingly, this Court lacks jurisdiction to consider Isaac's motion.

Further, to the extent that Isaac challenges the revocation of her supervised release, the Court will follow the approach taken by the Seventh Circuit in a similar situation. In *Wood v. Jenkins*,[13] the Seventh Circuit stated that "it seems clear that the court that revoked probation should rule on any challenges to those proceedings, since it is in the best position to evaluate the

---

[7] *Id.*
[8] Northern District of Texas Case No. 1:09-cr-11, Dkt. Nos. 32 & 33.
[9] Northern District of Texas Case No. 1:09-cr-11, Dkt. No. 61
[10] Dkt. No. 1.
[11] *Id.*
[12] Cr. Dkt. No. 146.
[13] *Wood v. Jenkins*, No. 87-1361, 1990 WL 127567 (7th Cir. Sept. 6, 1990).

petitioner's claims."[14]  Accordingly,

> [r]equiring [Isaac] to file [her] petition in the [Northern District of Texas] avoids the unseemly possibility of having one district judge pass on the validity of proceedings before another district judge in another district. It gives the original judge the chance to correct any of the errors alleged to have occurred at [Isaac's] probation revocation hearing.  If a hearing is required, it will take place in the court most conveniently located for that task.[15]

Accordingly, because this Court does not have jurisdiction to evaluate Isaac's claim, her § 2255 motion is **DISMISSED**.  To the extent that Isaac is challenging the Northern District of Texas's revocation of her supervised release, Isaac should bring this challenge in that court.

IT IS SO ORDERED

DONE this 26th day of January, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[14] *Id.* at *2.
[15] *Id.* at *4.(citing *United States v. Hayman*, 342 U.S. 205, 220-221 (1952)).